UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

RANCHO LOS COCOS, INC. d/b/a
EL PALACIO DE LOS JUGOS, and
FLAGAMI LAND CORP.

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Rancho Los Cocos, Inc. doing business as El Palacio de los Jugos and Defendant Flagami Land Corp. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Rancho Los Cocos, Inc. d/b/a El Palacio de los Jugos (also referenced as "Defendant Rancho," "operator," or "lessee") is a Florida for profit corporation and the operator/owner of the El Palacio de los Jugos cafeteria restaurant located at 7085 SW 24 Street (Coral Way), Miami, Florida 33174.

6. Defendant Flagami Land Corp. (also referenced as "Defendant Flagami," "Owner," or "lessor") is a Florida for profit corporation which is the registered owner of commercial real property identified as Folio 30-4011-025-0020 with the address 7085 SW 24 Street (Coral Way), Miami, Florida 33174.

## FACTS

7. Defendant Flagami's 7085 Coral Way commercial property is built out as a cafeteria style restaurant and is leased to Defendant Rancho (the lessee). The lessee in turn has operated its El Palacio de los Jugos cafeteria restaurant within that leased space.

8. The El Palacio de los Jugos brand is a unique Cuban cafeteria restaurant which offers multiple serving counters and food preparation/cooking stations throughout the cafeteria where the public can purchase a variety of food items at the various counters and stations and either take their meals "to go" or dine within the open air tables and benches

provided within the facility. Within each cafeteria restaurant there is a section which serves fresh juices and smoothie drinks prepared with a Cuban/Central American flair. Each cafeteria restaurant also has a bodega section where the public can purchase food items from various Latin countries. The El Palacio de los Jugos restaurant brand is known for serving steaming hot heaping portions of Cuban food. There are ten El Palacio de los Jugos brand cafeteria restaurants and each is owned by a different corporate owner, however the brand's website states that all El Palacio de los Jugos restaurants are owned and operated within the Bermudez family which opened the first El Palacio in 1977.

9. At all times material hereto, Defendant Rancho has been the owner/operator of the El Palacio de los Jugos cafeteria restaurant which is the subject of this instant complaint. Defendant's El Palacio de los Jugos restaurant is open to the public and therefore it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "[A] restaurant, bar, or other establishment serving food or drink." The El Palacio de los Jugos cafeteria restaurant which is the subject to this action is also referred to as "El Palacio de los Jugos (restaurant)," "El Palacio de los Jugos," "El Palacio de los Jugos cafeteria restaurant," "restaurant," or "place of public accommodation."

10. As the owner/operator of a El Palacio de los Jugos cafeteria restaurant which is open the public, Defendant Rancho is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

11. Plaintiff is frequently in the area near the subject property and on February 12, 2022 Plaintiff went to that restaurant with the intent of with the intent of purchasing a meal and dining therein and to test for compliance with the ADA/ADAAG.

3

12. While parking his car and perambulating into the El Palacio de los Jugos 7085 Coral Way location, Plaintiff met with multiple areas of inaccessibility and non-ADA compliance. Then, while Plaintiff was dining/testing in the El Palacio de los Jugos cafeteria restaurant, he had occasion to use the restroom and while in the restroom, he met additional areas of inaccessibility due to his being confined to his wheelchair.

13. Due to the inaccessible public spaces within Defendants' place of public accommodation Plaintiff has been denied full and equal access by the operator of that El Palacio de los Jugos cafeteria restaurant (Defendant Rancho) and by the owner of the commercial property which houses the restaurant (Defendant Flagami).

14. On information and belief, Defendant Rancho is well aware of the ADA and the need to provide for equal access in all areas of its El Palacio de los Jugos 7085 Coral Way location. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its El Palacio de los Jugos cafeteria restaurant is/was fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial property which is operated as a restaurant open to the public, Defendant Flagami is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). As an investor and owner of commercial property being used as a Place of Public Accommodation, Defendant Flagami should be well aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that the restaurant located within its commercial

property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the El Palacio de los Jugos cafeteria restaurant located at 7085 Coral Way, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

5

>order to address the major areas of discrimination faced on a daily by people with disabilities.

>42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited and tested the El Palacio de los Jugos cafeteria restaurant located at 7085 Coral Way for compliance with the ADA/ADAAG, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access when he patronized/tested the restaurant. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Rancho (operator of the El Palacio de los Jugos restaurant) and Defendant Flagami (owner of the commercial property housing the restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject El Palacio de los Jugos cafeteria restaurant.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with

6

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27.  Defendant Flagami's commercial property and Defendant Rancho's El Palacio de los Jugos cafeteria restaurant (operating therein) is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.  As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (which is over 2.1%). Section 502.4 states that parking spaces shall comply with Section 302, changes in level are not permitted.  Defendant is also in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions.  Failure to provide accessible means of egress from the parking area to the entrance of the restaurant due to the slope of the accessible parking spaces a violation of 2010 ADA Standards for Accessible Design Sections 207.1 (general compliance with building codes) and 502.4. Section 502.4 states that parking spaces shall comply with Section 302.

ii.  As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking space access isle is on an excessive slope. The fact that the parking space access isles are on an excessive slope is a violation of Section 502.4 of the 2010 ADA Standards for Accessible Design which states that

        parking space access aisles must be at the same level as the parking spaces they serve and that changes in level are not permitted. This is also a violation of Section 4.6.3 of the ADAAG which states that parking space access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

iii. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating to the restaurant from the parking lot, as the curb ramp encroaches over the designated handicapped accessible parking space access isle. The curb ramp encroaching over the accessible parking space access aisle is a violation of Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards for Accessible Design. The curb ramp encroachment has also resulted in the designated parking not providing an accessible route to the restaurant which is in violation of C.F.R. Part 36, Section 4.3.2(2) which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site."

iv. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), the seating provided at the restaurant does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards for Accessible Design. A minimum number of fixed or built-in seating or tables are required to be accessible (as defined by Section 4.1) and must comply with Section 4.32 which states that seating spaces for people in wheelchairs must provide clear floor space (Section 4.2.4), and that clear floor space shall not overlap knee space by more than 19 in (485 mm) (see Fig. 45). Section 4.2.1 states that the minimum clear floor or ground space required to

        accommodate a single, stationary wheelchair and occupant is 30 in by 48 in (760 mm by 1220 mm) (see Fig. 4(a)).

v. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door because the doorway has a sloped surface within the maneuvering clearance of the pull side of the door, which is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.8 states that the minimum maneuvering clearances at doors that are not automatic or power-assisted shall be as shown in Fig. 25 and the floor or ground area within the required clearances shall be level and clear.

vi. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the push side of the restroom entry door is not provided as the lavatory is encroaching over the push side of the door. The fact that the restroom entry door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance).

vii. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door as

9

            the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

viii. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lb. (22.2 N). This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with Section 404; specifically, Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

ix. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to the encroaching lavatory. This is a violation of Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525

       mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

x. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. This is a violation of Section 4.16.4 Figure 29(b) of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design. Section 604.5.1 states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

xi. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is 36 inches long, which is not the required length. This is a violation of ADAAG Section 4.16.4 Figure 29, which depicts side wall grab bars should be 42 inches long and extend 54 inches from the rear wall. This is also a violation of Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that side wall grab bars must be 42 inches long (1065 mm) and located 12 inches (305 mm) from the rear wall and extending 54 inches from the rear wall (Fig 604.5.1).

xii. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted under the side wall grab bar which infringes on the

required space. Wall-mounted objects, such as toilet tissue dispensers, can interfere with the use of grab bars which is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum. Section 4.26.2 Fig.39(e) demarks the clear space under the grab bar shall be 1½ in (38 mm). In this instant case, the space between the wall and grab bar is not as required by section 4.26.2.

xiii. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance because the toilet bowl cleaning dispenser is mounted over the rear wall grab bar at the wrong height, which results in failure to provide the required clearance for the rear wall grab bar. This is a violation Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the wall and the grab bar shall be 1½ inches (38 mm) and the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum.

xiv. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not the required length. The rear wall grab bar is 24" long, which violates Section 4.16.4 and Figure 29 of the ADAAG which states that the grab bar behind the water closet shall be 36 in (915 mm) minimum in length.

        This also violates Section 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum.

xv. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required location from the side wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

xvi. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the side wall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the side wall to the center of the toilet.

xvii. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of

              Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. The subject toilet paper dispenser is in violation of these sections.

xviii. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard as the lavatory sink inside the stall does not have fully wrapped bottom sink pipes, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xix. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser inside the stall without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible

   height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. In this instant case, the towel dispenser is obstructed and is higher than the high forward reach guidelines. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

xx. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff was additionally exposed to a cutting/burning hazard at the lavatory sink outside the stall because that sink also does not have fully wrapped bottom sink pipes. This is an additional violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xxi. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser outside the stall without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1 and Section 4.2.5 (Fig 5) of the ADAAG; detail of sections is provided at subparagraph (xix).

xxii. As to Defendant Rancho (lessee/operator) and Defendant Flagami (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (outside the lavatory stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

28. Pursuant to 42 U.S.C. §12101 *et seq.*, and 28 C.F.R. §36.304, Defendants have been required to make the El Palacio de los Jugos cafeteria restaurant commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order for Defendants to alter the commercial property and the El Palacio de los Jugos cafeteria restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Flagami Land Corp. (owner of the commercial property housing the El Palacio de los Jugos cafeteria restaurant) and Defendant Rancho Los Cocos, Inc. (lessee and operator of that El Palacio de los Jugos cafeteria restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the El Palacio de los Jugos cafeteria restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 2nd day of May, 2022

                                                  Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*